IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRAD S. BARANOWSKI, #0007813,** )<br>)<br>**Plaintiff,** )<br>vs. )<br>)<br>**DOUGLAS LUETH,** )<br>**JOHN MONTINE,** )<br>**DAKOTA BARANOWSKI,** )<br>**JEREMY WALKER,** )<br>**LORI KNOLL,** )<br>**JASON JUENGER,** )<br>)<br>**Defendants.** ) | Case No. 3:20-CV-01233-DWD |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Brad S. Baranowski, a pretrial detainee in the Randolph County Jail, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff is unjustly incarcerated on charges brought by Randolph County Prosecutor Jeremy Walker in violation of his constitutional rights. Additionally, Walker set an excessive bail that is not achievable by Plaintiff. This has resulted in Plaintiff being unable to attend follow-

up treatments at St. Louis University Hospital for serious injuries he sustained prior to his incarceration. Plaintiff has filed several motions in his criminal case on these issues, but his motions are not being heard or decided in a timely manner.

Plaintiff has filed multiple sick call requests regarding his head injuries. However, the nurse at the Randolph County Jail, Lori Knoll, said he was fine and refused to assist him in obtaining his follow-up treatment. He told Knoll that his head hurt and he was having trouble with his vision. Knoll stated he was fine and that his head hurt because "you got the s—t beat of you."

Knoll finally took him to Chester Medical Clinic for his head and while he was there he told Knoll that his heart was bothering him as well. She stated "what is this s—t? You haven't mentioned heart before." He told her he had an episode on October 5, 2020 and correctional officers checked his blood pressure and logged it. Knoll texted Jason Juenger, and then told him that "Jason said you requested a blood pressure check, that's all, I am not trying to hear about this heart s—t." He told Knoll that he almost died due to an issue with his heart four years ago and was put on a life support vest by a cardiologist. Knoll left the room and returned with Dr. Mollner. The doctor told Plaintiff it looked like he had a sinus infection which was probably contributing to his head hurting.

Two weeks later Plaintiff told Knoll his hands and left arm were going numb. Knoll told him his heart was fine and it was probably a pinched nerve in his neck. He told her the cardiologist had explained to him that if he had any complications to get medical attention for his heart as soon as possible. Knoll instructed an officer to take him

2

away. He tried explaining to her that he had asked to see her several times, but Juenger would not allow it.

Juenger is Dakota Baranowski's cousin and is biased towards Plaintiff. Juenger prevented Plaintiff from bringing medical concerns to the attention of the jail. He asked Juenger on several occasions to speak to the nurse, but Juenger would not allow it. On one occasion, Plaintiff was telling the nurse about the follow-up instructions from the hospital and Juenger stated "follow-ups are something you get done on the streets, not in here" and "it isn't gonna happen." Also, Juenger and Knoll refused to refill Plaintiff's aspirin therapy prescription.

Plaintiff is subject to poor living conditions in the Randolph County Jail. The Jail does not segregate new inmates for fourteen days to prevent the spread of Covid-19.

Attached to the Complaint is a "Criminal Complaint" for attempted murder and armed violence that Plaintiff wants filed in Randolph County against Dakota Baranowski (his wife), John Montine, and Douglas Lueth. He alleges Prosecutor Walker refuses to act on his complaint in violation of his constitutional rights.

### Preliminary Dismissal

Plaintiff cannot pursue relief under § 1983 against Baranowski, Lueth, and Montine. Section 1983 provides a federal remedy against state actors who deprive an individual of a federally guaranteed right. *Barnes v. City of Centralia, Illinois*, 943 F.3d 826, 831 (7th Cir. 2019). Section 1983 does not extend to disputes involving private citizens. *Id.* According, Baranowski, Lueth, and Montine, who are private citizens and not state actors, are dismissed.

Plaintiff also cannot pursue relief under § 1983 against Prosecutor Walker for his conduct in a criminal proceeding. "Prosecutors are absolutely immune from liability for damages under § 1983 for conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process." *Bianchi v. McQueen*, 818 F.3d 309, 316 (7th Cir. 2016). Further, Plaintiff makes only vague, conclusory allegations that he is unjustly incarcerated in violation of his constitutional rights and an excessive bail was set. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."); *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) ("courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements"). He does not offer any factual support for those allegations. For these reasons, Jeremy Walker is dismissed.

Plaintiff's allegations regarding poor living conditions in the jail and, specifically, his allegations regarding a failure to segregate new inmates to prevent the spread of Covid-19 are not associated with any defendant. For this reason, any intended claim related to those allegations is dismissed.

## Discussion

Following the preliminary dismissals, the Court designates the following claim in this *pro se* action based on the allegations in the Complaint:

> Count 1:    Eighth and/or Fourteenth Amendment claim against Knoll and Juenger for denying Plaintiff medical care for his injuries from an assault and his pre-existing heart condition.

Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

Because Plaintiff is a pretrial detainee, his medical claim falls under the Fourteenth Amendment instead of the Eighth Amendment. *McCann v. Ogle County, Illinois*, 909 F.3d 881, 886 (7th Cir. 2018). A medical care claim brought by a pretrial detainee is subject to an objective unreasonableness inquiry. *Id.* "[T]he controlling inquiry for assessing a due process challenge to a pretrial detainee's medical care proceeds in two steps." *Id.* In the first step, the inquiry is "whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case." *Id.* At the second step, the inquiry is whether the challenged conduct was objectively reasonable. *Id.* "This standard requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *Id.* Plaintiff's allegations are sufficient to proceed against Knoll and Juenger on a Fourteenth Amendment claim.

## Injunctive Relief

The Sheriff of Randolph County, Illinois, in his or her official capacity, will be added to the docket for purposes of Plaintiff's claim for injunctive relief.

## Disposition

The Complaint survives review under 28 U.S.C. § 1915A in part and is dismissed in part as follows:

Dakota Baranowski, John Montine, Douglas Lueth, and Jeremy Walker are **DISMISSED with prejudice**.

The Fourteenth Amendment claim in Count 1 will proceed against Lori Knoll and Jason Juenger, but the Eighth Amendment claim is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to **ADD** the Sheriff of Randolph County, Illinois, in his or her official capacity, to the docket for purposes of Plaintiff's claim for injunctive relief.

The Clerk of Court shall prepare for Lori Knoll, Jason Juenger, and Sheriff of Randolph County, Illinois (official capacity): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation

of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: November 23, 2021**

                                              **David W. Dugan**
                                              **United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, they will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.