## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRAD S. BARANOWSKI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:20-cv-1233-DWD** |
| | ) | |
| **LORI KNOLL, JASON JUENGER,** | ) | |
| **SHERIFF OF RANDOLPH COUNTY,** | ) | |
| **ILLINOIS,** | ) | |
| | | |
| **Defendants, et al.,** | | |

### SHOW CAUSE ORDER

**DUGAN, District Judge:**

Presently pending is Defendants' motion for summary judgment. (Doc. 64), along with a Rule 56 Notice (Doc. 65). The Notice advised Plaintiff that failure to respond to the motion could result in a judgment for Defendants and a dismissal of this case. Pursuant to Local Rule 7.1(b)(1)(A), Plaintiff had thirty days from the date of service to file a response to the motion. *See* SDIL-LR 7.1(b)(1)(A). That deadline has come and gone with no communication from Plaintiff.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In dismissing a case for lack of prosecution, the Seventh Circuit has indicated that a district court commits legal error "when it

dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013) (quoting *Johnson v. Chicago Bd. of Educ.*, 718 F.3d 731, 732-733 (7th Cir. 2013)). The Court, therefore, ORDERS as follows:

Because of Plaintiff's lack of participation in the case, the Court **ORDERS** Plaintiff to **SHOW CAUSE in writing on or before November 14, 2024,** explaining why the case should not be dismissed for failure to prosecute. In the alternative to responding to this Order to Show Cause, Plaintiff can simply file a response to the motion for summary judgment. Plaintiff is **WARNED** that the failure to either file a response to this Order to Show Cause or to the pending motion for summary judgment will result in dismissal of this action for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to manage its docket. *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).

**IT IS SO ORDERED**.

**DATED: October 25, 2024.**

**s/*David W. Dugan***
**DAVID W. DUGAN**
**United States District Judge**