UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRAD S. BARANOWSKI,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:20-cv-1233-DWD |
| | ) |
| **LORI KNOLL,** | ) |
| | ) |
| **Defendants, et al.,** | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff's response to the pending motion for summary judgment was due thirty days from the date of service. *See* SDIL-LR 7.1(b)(1)(A). That deadline has come and gone without any communication from Plaintiff.[1] As Plaintiff did not respond to the motion within thirty days, the Court, on October 25, 2024, entered an Order to Show Cause, stating as follows:

> Because of Plaintiff's lack of participation in the case, the Court ORDERS Plaintiff to SHOW CAUSE in writing on or before November 14, 2024, explaining why the case should not be dismissed for failure to prosecute. In the alternative to responding to this Order to Show Cause, Plaintiff can simply file a response to the motion for summary judgment. Plaintiff is WARNED that the failure to either file a response to this Order to Show Cause or to the pending motion for summary judgment will result in dismissal of this action for lack of prosecution pursuant to Federal Rule of

---

[1] The last communication from Plaintiff was a letter notifying the Court of Plaintiff's new address, filed on November 22, 2023. (Doc. 59).

Civil Procedure 41(b) and the Court's inherent authority to manage its docket. *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).

(Doc. 69). Plaintiff did not respond to the Order to Show Cause and has not otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In dismissing a case for lack of prosecution, the Seventh Circuit has indicated that a district court commits legal error "when it dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013) (quoting *Johnson v. Chicago Bd. of Educ.*, 718 F.3d 731, 732-733 (7th Cir. 2013)).

Here, Plaintiff failed to respond to the motion for summary judgment (Doc. 64) and to the Court's October 25, 2024, Show Cause Order (Doc. 69). The Court has a significant case load requiring significant expenditure of judicial resources, such that continued efforts inviting participation by the Plaintiff will detrimentally impact the efficient and timely handling of its other cases. Accordingly, the Court **DISMISSES with prejudice THIS ACTION PURSUANT TO Rule 41(b).** See FED. R. CIV. PROC. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). The case is **CLOSED**, and the Clerk of

Court is **DIRECTED** to enter judgment accordingly.

    **IT IS SO ORDERED**.

    **DATED: November 19, 2024.**

                                                  **DAVID W. DUGAN**
                                                  **United States District Judge**